# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AMBER MORGAN, )
            Plaintiff(s), )    Case No. 2:17-cv-02269-RFB-NJK
)
v. )    ORDER
)
WAL-MART STORES, INC., )    (Docket No. 21)
)
            Defendant(s). )

      Pending before the Court a stipulation to reopen discovery deadlines. Docket No. 21. Seeking relief from the Court requires a few basic elements. The party or parties seeking relief must file a request in compliance with the local rules, must identify the applicable standards, and must provide information sufficient for the Court to decide if those standards are met. *See, e.g.*, Docket Nos. 14, 16, 19 (denying previous requests to extend deadlines). The pending stipulation fails to do so.

      Most significantly, the stipulation fails to identify the applicable standards and provide the information necessary for the Court to decide if those standards have been met.[1] Discovery is closed in this case. Docket No. 11 (setting discovery cutoff of February 25, 2018). As such, the stipulation is subject to both the "good cause" standard that applies to all requests to extend deadlines in the scheduling order, as well as the "excusable neglect" standard that applies to requests to reopen deadlines

---

[1] The stipulation violates the local rules in that it fails to provide the case number in the caption, instead providing state court information. *Compare* Local Rule IA 10-2 *with* Docket No. 21 at 1.

that have already expired. *See, e.g.*, Local Rule 26-4; Fed. R. Civ. P. 6(b)(1)(B).[2] The stipulation does not even acknowledge the excusable neglect standard. With respect to the good cause standard, the parties have failed to provide information sufficient for the Court to determine whether the subject deadlines could not have reasonably been met despite the diligence of the parties. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 2000). For example, the parties assert that certain discovery has been slowed by the failure to resolve "a dispute regarding a confidentiality agreement." Docket No. 21 at 3. No details are provided as to the nature of this dispute, when it arose, or why it has not been resolved by this point given that the discovery cutoff has already expired.[3] As such, the Court cannot discern whether good cause exists for the relief requested (let alone excusable neglect).[4]

Lastly, these shortcomings are compounded by the fact that the parties essentially seek to reset the discovery clock. At this point, the parties should be briefing summary judgment motions, *see* Docket No. 11 (setting dispositive motion deadline of March 26, 2018), but the parties now seek to revive <u>all</u> of the deadlines in the scheduling order and to set a new discovery cutoff that is 126 days after the currently-expired cutoff. *See* Docket No. 21 at 4; *but see* Local Rule 26-1(b)(1) (establishing presumptively-reasonable discovery period that totals 180 days). The stipulation makes no effort to justify such a lengthy reopened discovery period.

For all of these reasons, the stipulation at Docket No. 21 is **DENIED** without prejudice. The Court will afford the parties **one last opportunity** to request the reopening of deadlines established in the scheduling order. Before they file any such request, however, counsel shall ensure that such request (1) fully complies with the local rules, (2) identifies the governing standards, and (3) provides sufficient

---

[2] The parties label their stipulation as one seeking an "extension" of discovery deadlines. That is not an accurate description as the stipulation actually seeks to "reopen" deadlines.

[3] Given the cryptic description of this dispute, the Court cannot discern whether it is the same dispute regarding entry of a stipulated protective order that the Court already rejected months ago as grounds to extend discovery deadlines. *See* Docket No. 16 at 1-2.

[4] The Court will not herein catalogue the deficiencies with each of the reasons provided, but they all suffer from the failure to provide details explaining how each particular reason shows that the deadlines at issue could not have been met through reasonable diligence.

information for the Court to determine whether those standards have been met. Any renewed request shall be filed by March 14, 2018.

In anticipation of the filing of a further renewed request, the Court **SETS** a status hearing on that request for 2:00 p.m. on March 15, 2018, in Courtroom 3B.

IT IS SO ORDERED.

DATED: March 7, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge