UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

AMBER MORGAN,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

Case No. 2:17-cv-02269-RFB-NJK

**ORDER**

## I. INTRODUCTION

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 29) and Motion to Consolidate Cases (ECF No. 26).

## II. FACTUAL BACKGROUND

### A. Undisputed Facts

The Court finds the following facts to be undisputed.

On March 22, 2015, Plaintiff, Amber Morgan, fell while walking in an aisleway inside of Defendant Wal-Mart's store number 2837 located in Las Vegas, Nevada. Immediately after the fall, Plaintiff reported a spill to Wal-Mart employees. She identified the location where she fell and told the employees that she had been walking fine before the fall. An incident report was generated by Wal-Mart. Wal-Mart preserved video from 30 minutes before and 30 minutes after the fall. Plaintiff suffered injuries to her back and knee.

### B. Disputed Facts

The Court finds the following facts to be disputed by the parties. First, the parties dispute

whether Plaintiff fell because of a shampoo-like liquid or substance that had been on the floor for at least 30 minutes in a high traffic aisleway. Plaintiff asserts that she saw the liquid and "blue streak" on the floor where she fell. Defendant avers that Plaintiff has made contradictory statements about what happened prior to her fall as well as what she saw and did. Second, the parties dispute the location of any alleged spill in relation to where Plaintiff fell. Defendant argues that there is no video evidence to establish the existence the spill or its location. Plaintiff claims she saw the spill and its location after her fall. Third, the parties dispute, if there was a spill, whether Defendant should have been on notice of the spill and whether Defendant had sufficient maintenance procedures to address possible hazards in the store. Fourth, the parties dispute whether or not Wal-Mart intentionally erased or failed to preserve video from more than hour before and after the spill as allegedly required by its internal policies.

### III. PROCEDURAL BACKGROUND

Defendant removed this case to federal court on August 28, 2017. ECF No. 1. filed her initial complaint in state court on September 9, 2016. ECF No. 1. Defendant filed a Motion to Consolidate on March 29, 2018. ECF No. Defendant filed the instant Motion for Summary Judgment on July 16, 2019. ECF No. 29.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine

issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (citation and internal quotation marks omitted) (alteration in original).

## V. DISCUSSION

### a. Breach of Duty

Under Nevada law, a plaintiff must prove four elements to show negligence in a slip-and-fall matter: (1) the defendant owed a duty to the plaintiff to exercise due care; (2) the defendant breached the duty; (3) the breach was the actual and the proximate cause of the plaintiff's injury; and (4) the plaintiff was damaged. Joynt v. California Hotel & Casino, 835 P.2d 799, 801 (Nev. 1992). "[A] business owner owes its patrons a duty to keep the premises in a reasonably safe condition for use." Sprague v. Lucky Stores, Inc., 849 P.2d 320, 322 (Nev. 1993). A business owner will be liable for breaching its duty to patrons if the business owner, or his or her agents, cause a foreign substance to spill on the floor. Id. But if any other person causes the foreign substance to spill on the floor, the business can only be liable if it had actual or constructive notice of the foreign substance and did not remedy it. Id. at 322–23.

"[Q]uestions of negligence and proximate cause are generally questions of fact" that become questions of law "only when the evidence will support no other inference." Joynt, 835 P.2d at 801 (citation omitted). Thus, "courts are reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate cause, and reasonableness usually are questions of fact for the jury." Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001) (citation omitted).

The Court finds that genuine issues of disputed fact exist in this case. The parties dispute whether a shampoo-like substance was on the floor and caused Plaintiff to fell. The parties dispute the length of time that the alleged spill was on the floor and its location. The parties dispute the adequacy of Defendant's cleaning procedures in a high traffic area in the store. These disputes are central to a determination of whether Defendant had constructive knowledge of a spill on its floor and failed to take reasonable steps to address such hazards in the location of the fall. The Court therefore denies summary judgment.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 29) is DENIED.

**IT IS FURTHER ORDERED** that the Parties shall submit a joint pretrial order by **April 22, 2019**.

**IT IS FURTHER ORDERED** that the Motion to Consolidate is DENIED as moot as the other-referenced case has been remanded to state court.

DATED: March 26, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**